[No. 20213.   Department Two.   April 18, 1927.]

C. D. HILLMAN SNOHOMISH COUNTY LAND & RAILROAD COMPANY *et al.*,
*Appellants*, v. SNOHOMISH COUNTY *et al.*, *Respondents*.[1]

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 15, 1926, upon findings in favor of the defendants, in an action to procure a reduction of taxes on real property. Affirmed.

*Fred C. Brown* and *Stiger & Kaune*, for appellants.
*C. T. Roscoe* and *Charles R. Denney*, for respondents.

PARKER, J.—The plaintiffs, land and railroad company and Sturtevant, seek a decree awarding in their favor a reduction of unpaid taxes charged for the years 1918 to 1924, inclusive, against lands owned by them in Snohomish county, and a direction to the treasurer of that county to receive approximately $16,000 in full payment of the taxes so charged in the aggregate amount of approximately $40,-000. A trial upon the merits in the superior court for that county resulted in a denial by the court of the relief so prayed for by the plaintiffs and the entry of a decree accordingly, from which they have appealed to this court.

[1]Reported in 255 Pac. 1119.

The lands in question are some 2,000 platted town lots in the town of Birmingham and its immediate neighborhood, several hundred platted small tracts of three to five acres, and other acreage in that neighborhood. Relief is sought by appellants upon the theory that the assessments upon which the taxes charged against their lands were computed were excessive during the years 1918 to 1924, inclusive, to the extent that such excessive assessments constituted constructive fraud as against their rights. As we view this controversy, there are no questions of law involved. The evidence is very voluminous and indicates a very painstaking consideration and disposition of the cause by the trial judge. There does seem to be some room for arguing that the assessments, at least as to some of the lots and tracts, may have been somewhat excessive, but we are satisfied, as the trial court was, that the assessments are not so clearly excessive as to warrant interference therewith by the courts. A review of the evidence, as presented to us in the abstract thereof prepared by counsel for appellants, convinces us that it does not preponderate against the conclusion arrived at by the trial court. The evidence, we think, only gives room for honest difference of opinion as to the value of the lots and tracts as determined by the assessing officers. We think a discussion of the evidence would be wholly unprofitable. This record presents a problem much like that considered in *Hillman's Snohomish County Land & R. Co. v. Snohomish County*, 87 Wash. 58, 151 Pac. 96.

The decree is affirmed.

MACKINTOSH, C. J., ASKREN, and TOLMAN, JJ., concur.